DENNIS D. DAILY v. MANN MEDIA, INC.

No. 8818SC1307

(Filed 3 October 1989)

1. **Rules of Civil Procedure § 12— motion to strike defense untimely—consideration by trial court proper**

   Although plaintiff's motion to strike defendant's defense, filed more than a year after service of the defendant's answer, was untimely, the trial court's consideration of the motion was permissible, since N.C.G.S. § 1A-1, Rule 12(f) provides that the trial court may strike material from the pleadings on its "own initiative at any time."

2. **Master and Servant § 9— severance pay—defense of termination for cause—action not barred**

   In an action to recover severance pay provided for in the parties' employment agreement, the trial court did not err in striking defendant's defense that plaintiff was terminated for cause and his action was therefore barred since (1) the defense was irrelevant and immaterial, having no possible bearing upon the litigation, in that any answer to the first issue agreed to by the parties, whether defendant contracted with plaintiff to pay plaintiff severance pay of $100,000 as alleged in the complaint, would resolve the dispute between the parties; and (2) the defense was legally insufficient in that the terms of the parties' agreement in no way intimated that plaintiff forfeited payment if the termination was for cause.

DAILY v. MANN MEDIA, INC.

[95 N.C. App. 746 (1989)]

APPEAL by defendant from *Freeman (William H.), Judge.* Judgment filed 30 June 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 June 1989.

*Bell, Davis & Pitt, P.A., by William Kearns Davis and J. Dennis Bailey, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks and Douglas E. Wright, for defendant-appellant.*

GREENE, Judge.

Pursuant to a jury verdict, the trial court entered a judgment for plaintiff in the amount of $114,156. Defendant appeals.

In this civil action, plaintiff alleged and defendant denied that defendant employed plaintiff and that "it was agreed that plaintiff would be paid the sum of one hundred thousand dollars ($100,000) as severance pay upon the termination of his employment at the request of defendant Mann." The complaint incorporated a letter of agreement attached to the complaint as an exhibit, which contained the following provision: "The intention of both parties is to enter into a long-standing relationship. In the event [sic], the relationship ends at the request of Mr. Mann, a severance of $100,000 is to be paid." Defendant denied any contractual obligation in its answer, but alleged in the alternative a "FIFTH DEFENSE." The "FIFTH DEFENSE" set forth the affirmative defense that plaintiff was terminated for cause, pled in bar of plaintiff's action.

The answer was filed on 26 January 1987, and served by mail on plaintiff's attorney on 23 January 1987. The court conducted a pre-trial conference on 27 June 1988, the date of the trial. At that conference, plaintiff moved to strike defendant's "FIFTH DEFENSE." The trial court allowed plaintiff's motion and ordered that defendant's Fifth Defense be stricken and that defendant could not offer evidence in support of defendant's Fifth Defense on the issue of whether plaintiff was terminated for cause.

At the pre-trial conference, plaintiff contended that the only issue for the jury was:

Did the defendant contract with the plaintiff to pay the plaintiff severance pay of $100,000.00 as alleged in the complaint?

The defendant contended that the issues for the jury were:

1. Did the defendant contract with the plaintiff to pay the plaintiff severance pay of $100,000.00 as alleged in the complaint?

2. If so, was the plaintiff's employment terminated for cause?

The trial court submitted the single issue proposed by plaintiff and the jury answered the issue for plaintiff.

---

The only issue presented on this appeal is whether the trial court erred in striking defendant's "FIFTH DEFENSE." Although defendant made four additional Assignments of Error, defendant failed to enumerate bases for error in the trial court's actions, and we will not consider these assignments on appeal. North Carolina Rules of Appellate Procedure, Rule 10(c) (1984).

N.C.G.S. Sec. 1A-1, Rule 12(f) (1983) provides:

> *Motion to strike* — Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon him or upon the judge's own initiative at any time, the judge may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter.

[1] We first determine plaintiff's motion to strike was not timely filed. The motion was filed more than a year after service of the defendant's answer. Furthermore, plaintiff was permitted no responsive pleadings, as defendant's answer set forth no counterclaim, no cross-claim, no third-party complaint, nor defense of contributory negligence. N.C.G.S. Sec. 1A-1, Rule 7(a) (1983). Rule 12(f) requires that a motion to strike be filed within 30 days after service of the pleading if no responsive pleading is permitted. However, because the statute clearly states that the trial court may strike materials from the pleadings on its 'own initiative at any time,' we determine that the trial court's consideration of the motion was permissible despite the untimeliness of plaintiff's motion to strike. *Accord* 2A Moore's Federal Practice Sec. 12.21[1] at 12-165, 12-166 (2d ed. 1987).

In considering a motion to strike pleadings under Rule 12(f), "[g]enerally, well-pleaded facts are accepted as true . . . and matters outside the pleadings will not be considered . . ." *Id.*, Sec. 12.21[3] at 12-184 (1985). Rule 12(f) motions are "viewed with disfavor

and are infrequently granted." 5 C. Wright & A. Miller, *Federal Practice and Procedure*: Sec. 1380 p. 783 (1969). However, if it is clear that the pleading "has no possible bearing upon the litigation[,]" the pleadings should be stricken. *Shellhorn v. Brad Ragan, Inc., et al.*, 38 N.C. App. 310, 316, 248 S.E.2d 103, 108, *rev. denied*, 295 N.C. 735, 249 S.E.2d 804 (1978). "If there is any question as to whether an issue may arise, the motion should be denied." *Id.*

[2] We first determine that defendant's "FIFTH DEFENSE" had 'no possible bearing upon the litigation.' Any answer to the single issue that plaintiff proposed and the trial court accepted resolved the dispute between these parties: whether they actually agreed to the provisions of the contract as alleged in the complaint. The issue was:

Did the defendant contract with the plaintiff to pay the plaintiff severance pay of $100,000.00 as alleged in the complaint?

Either of the answers to this question would totally resolve the controversy. A negative answer to the question would end the lawsuit in defendant's favor. An affirmative answer to the question would be a determination that plaintiff and defendant had agreed that plaintiff would be paid the sum of $100,000.00 upon termination of [plaintiff's] employment at the request of Mann.

Defendant next contends that termination for cause vitiates an employer's obligation to pay severance payments to an employee, without regard to the employment contract terms. N.C.G.S. Sec. 1A-1, Rule 12(f) (a trial court may strike an "insufficient defense"). We determine that defendant's defense of termination for cause is 'legally insufficient' in light of the terms of the agreement. A termination for cause, "if founded in fact, would, *except for the contract provisions*, relieve the employer of any obligation to pay [severance]." *Briggs v. American & Efird Mills, Inc.*, 251 N.C. 642, 645, 111 S.E.2d 841, 844 (1960) (emphasis added). We find the facts of this case similar to those in *First-Citizens Bank and Trust Co. v. Akelaitis*, 25 N.C. App. 522, 525, 214 S.E.2d 281, 284-86 (1975). In that case, this court held that the trial court properly struck defendant's defense of plaintiff's failure to first pursue remedies against another. The court held that the defense was 'legally insufficient' when the terms of the guaranty agreement made defendant directly and unconditionally liable.

The language of the provision in this agreement is inclusive, clear and unambiguous and in no way intimates that plaintiff forfeited

payment if the termination was for cause. When a contract is clear and unambiguous, we must "give effect to its terms, and we will not, under the guise of construction, insert what the parties elected to omit." *Olive v. Williams*, 42 N.C. App. 380, 383, 257 S.E.2d 90, 93 (1979) (citation omitted). Accordingly, this court will not insert into the agreement a 'termination for cause' provision. We note that the record indicates there was no dispute between the parties that plaintiff was terminated at the request of Bernard Mann, president of defendant corporation.

Accordingly, the trial court committed no error in striking defendant's "FIFTH DEFENSE," on the grounds that the defense was irrelevant and immaterial, having 'no possible bearing upon the litigation,' and because the defense was legally insufficient.

No error.

Judges JOHNSON and COZORT concur.