Bandy v. A Perfect Fit for You, Inc., 2018 NCBC 21.

STATE OF NORTH CAROLINA

COUNTY OF CARTERET

SHELLEY BANDY,

> Plaintiff and Third-Party Defendant

STATE OF NORTH CAROLINA

> Intervenor-Plaintiff

v.

A PERFECT FIT FOR YOU, INC.; MARGARET A. GIBSON; and RONALD WAYNE GIBSON,

> Defendants

v.

A PERFECT FIT FOR YOU, INC.,

> Intervenor-Defendant and Third-Party Plaintiff

v.

MARGARET A. GIBSON; RONALD WAYNE GIBSON; R. WAYNE GIBSON, INC., d/b/a GIBSON CONSTRUCTION CO., INC.; and RW & MA, LLC,

> Cross-claim and Third-Party Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 456

**ORDER ON GIBSON DEFENDANTS' MOTION TO STRIKE OR DISMISS RECEIVER'S CROSS-CLAIMS AND THIRD-PARTY CLAIM**

THIS MATTER comes before the Court on Defendants Margaret Gibson, Ronald Wayne Gibson (hereinafter Margaret and Ronald Gibson are collectively "the Gibsons"), Gibson Construction Co., Inc., and RW & MA, LLC's (hereinafter the Gibsons, Gibson Construction Co., Inc., and RW & MA, LLC are collectively "the

Gibson Defendants") Motion to Strike or Dismiss Cross-claims and Third-Party Claims of Receiver. ("Motion to Strike"; ECF No. 106.)

In response to the Intervenor Complaint filed by the State of North Carolina against Defendant A Perfect Fit For You, Inc. ("Perfect Fit"), (ECF No. 56), the Receiver filed an Answer on behalf of Perfect Fit, and alleged Cross-claims against the Gibson Defendants and Plaintiff Shelley Bandy ("Bandy"), and a Third-Party Claim for indemnity and/or contribution against Margaret Gibson. ("Receiver's Answer"; ECF No. 84.) The Gibson Defendants argue in the Motion to Strike and concurrently filed Memorandum of Law in Support, (ECF No. 107), that the Receiver did not have the authority or standing to bring cross-claims or file a third-party complaint, and alternatively, move that the Cross-claims and Third-Party Claims should be dismissed pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6) (hereinafter "Rules").

THE COURT has considered the Motion to Strike, the briefs filed in support of and in opposition to the Motion to Strike, and other appropriate matters of record, and concludes, in its discretion, the Motion to Strike should be DENIED, and that the alternative motion to dismiss should be GRANTED, in part, and DENIED, in part, for the reasons set forth herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. The factual and procedural background of this matter has been set out in the Court's prior orders, most recently in the Court's Order on Joint Motion to Stay.

(ECF No. 136.)  The Court sets forth herein only those facts necessary for disposition of the Motion to Strike.

2.      On May 16, 2016, Plaintiff filed her initial Complaint and moved for a Temporary Restraining Order.  On that same date, Judge Benjamin G. Alford granted the temporary restraining order, *ex parte*, and appointed Douglas Goines ("the Receiver") as the Receiver for Perfect Fit.  (Order on Appointment of Receiver, hereinafter "Receiver Order"; ECF No. 3.)  The Receiver Order provided that the Receiver had "full power to take possession of and manage [Perfect Fit's] business, books, and profits . . . until a final adjudication on this cause may be had."  (ECF No. 3.)  The Receiver Order did not state a particular statutory provision under which the Receiver was appointed.  (*Id.*)

3.       On June 15, 2016, Judge Alford issued a preliminary injunction (the "Preliminary Injunction Order").  The Preliminary Injunction Order froze all assets and funds in the possession of the Gibsons that were the result of corporate assets or funds transferred out of Perfect Fit by Margaret Gibson.

4.      After being appointed, the Receiver conducted an audit of Perfect Fit's books and records. The audit revealed that all, or virtually all, of Perfect Fit's claims to Medicaid for reimbursements for products and services were either, at a minimum, not properly documented as required by federal regulations, or potentially fraudulent.  (Mot. to Extend/Clarify Receiver Powers under Statute, hereinafter "Motion to Clarify"; ECF No. 33.2, at ¶¶ 6–9.)  Since Perfect Fit likely would be required to refund to the State of North Carolina approximately $12 million for the

Medicaid claims, the Receiver believed Perfect Fit was, or would become, insolvent. (*Id*. at ¶¶ 9–10.)

5.      On December 8, 2016, the Receiver moved to "extend and/or clarify his power to that of a Receiver for [Perfect Fit] pursuant to [N.C. Gen. Stat.] §1-507.1 *et seq* and G.S. §23-3" (hereinafter references the North Carolina General Statutes shall be "G.S."). (ECF No. 33.2.)  In the Motion to Clarify, the Receiver requested that the Court expressly expand his authority to that of a receiver of an insolvent corporation pursuant to G.S. § 1-507.1, to permit him to bring legal claims against the Gibson Defendants, Bandy, and potentially other parties to recoup funds transferred out of Perfect Fit.  (*Id*.)

6.      On January 19, 2017, the Court entered its Order on the Motion to Clarify.  ("Clarification Order"; ECF No. 51.)  In the Clarification Order, the Court stated that "it appears that Goines was appointed a pre-judgment receiver pursuant to G.S. § 1-502(1)."  (ECF No. 51 at p. 2.)  The Court held that Judge Alford's "[o]rder clearly grants [the Receiver] the broad authority to manage Perfect Fit's business during the pendency of this action and to take such actions as he deems appropriate and necessary in running the business," and "conclude[d] that at this time the interests of all parties are adequately protected by the Receiver Order and the Preliminary Injunction Order." (ECF No. 51, at p. 4.)  Accordingly, the Court found that it was unnecessary to expand the Receiver's authority and denied the Motion to Clarify.

7.     Following the Clarification Order, on January 31, 2017, the State of North Carolina moved to intervene as a plaintiff in this action.  (Mot. to Intervene; ECF No. 52.1.)  The Court granted the State's motion on February 15, 2017, and on that same date the State filed its Complaint in Intervention.  ("Intervenor Complaint"; ECF No. 56.)  The Intervenor Complaint made claims against Perfect Fit for breach of the Medicaid Provider Agreement entered between North Carolina and Perfect Fit, and for unjust enrichment.  In the Intervenor Complaint, the State of North Carolina sought repayment of all amounts that had been paid to Perfect Fit for Medicaid claims.

8.     On August 14, 2017, the Receiver filed the Receiver's Answer.  The Receiver's Answer admitted the material allegations in the Intervenor Complaint establishing Perfect Fit's liability to North Carolina under the State's claims.  In the Receiver's Answer, the Receiver also made cross-claims on behalf of Perfect Fit against the Gibson Defendants and Bandy for, *inter alia*, breach of fiduciary duty, fraudulent transfers, and unjust enrichment, and a Third-Party Claim for indemnity and/or contribution against Margaret Gibson (collectively, the cross-claims and third-party claims are the "Cross-claims").

9.     On October 30, 2017, the Gibson Defendants filed the Motion to Strike. The Receiver filed a Response Brief on December 8, 2017.  (ECF No. 115.)  The Gibson Defendants filed their Reply in Support on December 28, 2017.  (ECF No. 119.)  The Court held a hearing on the Motion to Strike on January 22, 2018, and the Motion is ripe for disposition.

## II. ANALYSIS

### A. Motion to strike under Rule 12(f)

10. The Gibson Defendants first move the Court "to strike the cross-claims and third-party claims ('Cross-claims') of the Receiver on the grounds that the Receiver has asserted his Cross-claims without the Court's permission and in violation of the Court's previous orders." (ECF No. 106, at p. 1.) Rule 12(f) of the North Carolina Rules of Civil Procedure allows the court to strike "from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." A "[m]atter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion [to strike] should be denied." *Reese v. City of Charlotte*, 196 N.C. App. 557, 567, 676 S.E.2d 493, 499 (2009). "A motion to strike is addressed to the sound discretion of the trial court." *Kingsdown, Inc. v. Hinshaw*, 2016 NCBC LEXIS 15, at *8 (N.C. Super. Ct. Feb. 17, 2016) (citing *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 25, 588 S.E.2d 20, 25 (2003)).

11. The Gibson Defendants argue that the Court's Clarification Order should be interpreted to mean that the Receiver lacks the authority to bring claims on behalf of Perfect Fit to recoup funds transferred out of Perfect Fit. (ECF No. 107, at p. 4.) The Gibson Defendants also argue that the Receiver's claims are a needless waste of Perfect Fit's resources, and are "spurious." (*Id.* at p. 6.)

12. The Court is not persuaded by the Gibson Defendants' arguments. The Clarification Order did not limit the Receiver's authority as granted by Judge Alford.

Instead, the Court stated that the Receiver apparently was appointed under G.S. § 1-502(1) as pre-judgment receiver, and that the Receiver's authority includes the "full power to . . . manage [Perfect Fit's] business." G.S. § 1-502 provides that "[t]he provisions of G.S. 1-507.1 through 1-507.11 are applicable, as near as may be, to receivers appointed hereunder," and under G.S. § 1-507.2(3), a receiver has the authority to "institute suits for the recovery of any . . . property, damages, or demands existing in favor of the corporation." Perfect Fit has been sued by the State of North Carolina seeking reimbursement for improper Medicaid payments, exposing Perfect Fit to substantial monetary liability. The Receiver was within his authority to file an Answer to the Intervenor Complaint. New information has emerged from the ongoing investigation of Perfect Fit's Medicaid billings that points to potentially fraudulent conduct, and Perfect Fit is now a defendant in a federal lawsuit challenging those payments. *See United States v. A Perfect Fit For You, Inc.*, No. 4:2017-CV-174 (E.D.N.C. filed on Dec. 13, 2017). As part of managing the corporation's business, it was not unreasonable, and perhaps necessary, that the Receiver take steps such as filing the Cross-claims to protect Perfect Fit's interests and to attempt to recoup corporate assets which were allegedly fraudulently or otherwise improperly transferred out of Perfect Fit.

13. The Court has thoroughly considered the Motion to Strike under Rule 12(f) and finds that the Receiver possesses authority to pursue legal claims on behalf of Perfect Fit, including the Cross-claims. The Court, in its discretion, concludes that the Gibson Defendants' Motion to Strike pursuant to Rule 12(f) should be DENIED.

## B. Motion to dismiss for lack of standing under Rules 12(b)(1) and 12(b)(6)

14.    In the alternative to the Motion to Strike, the Gibson Defendants move to dismiss the Cross-claims because the Receiver lacks standing to pursue the claims. (ECF No. 107, at pp. 7–11.)  "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002).  "Standing is properly challenged by a 12(b)(1) motion to dismiss, or 12(b)(6) motion to dismiss for a failure to state a claim upon which relief may be granted." *Fairfield Harbour Prop. Owners Ass'n v. Midsouth Golf*, LLC, 215 N.C. App. 66, 72, 715 S.E.2d 273, 280 (2011).  "In determining whether subject matter jurisdiction exists, a court may consider matters outside of the pleadings." *Keith v. Wallerich*, 687 S.E.2d 299, 302, 201 N.C. App. 550, 554 (2009).

15.    The Gibson Defendants argue that the Receiver does not have standing to pursue the Cross-claims against them because the claims are actually brought on the State's behalf as a creditor of Perfect Fit, and not on behalf of Perfect Fit.  (ECF No. 107, at pp. 7–8.)  The Gibson Defendants cite *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 26, 560 S.E.2d 817, 822 (2002) in support of their argument.

16.    In *Keener Lumber*, the relevant issue considered by the Court was whether the plaintiff-creditor had standing to bring a claim against the defendant-corporate director for breaching his fiduciary duties to the corporation, during the dissolution and winding-up of the corporation, by making preferential payments to creditors which personally benefitted the defendant-director to the disadvantage of

the plaintiff-creditor. 149 N.C. App. at 26, 560 S.E.2d at 822. The defendant-director argued that the claim for breach of fiduciary duty belonged to the corporation, and not to the plaintiff-creditor. *Id.* The court held that in the context of a dissolution and winding-up, the defendant owed a fiduciary duty to the plaintiff-creditor and that plaintiff had standing to bring the claim directly. *Id.*

17. The holding in *Keener Lumber* has no application to the facts of this case. The Cross-claims the Receiver makes in this lawsuit[1] are for injuries to Perfect Fit caused by the Gibson Defendants. The claims belong to Perfect Fit, and not to the State. The fact that the State may ultimately have a right to the assets Perfect Fit is able to recoup from the Gibson Defendants does not deprive the Receiver of standing to bring claims on behalf of Perfect Fit.

18. To the extent that Defendants move to dismiss the Receiver's claims pursuant to Rule 12(b)(1), based on the holding in *Keener Lumber,* such motion should be DENIED.

19. The Gibson Defendants next argue that the Receiver lacks standing to bring cross-claims for fraudulent transfers against the Gibson Defendants under the Uniform Voidable Transactions Act ("UVTA"). (ECF No. 107, at pp. 8–9.) The Court concludes that the Receiver has not stated a claim for relief against the Gibson Defendants as a "creditor" under the UVTA.

20. The Receiver purports to bring the fraudulent transfer claims on behalf of Perfect Fit against each of the Gibson Defendants. (ECF No. 84, Cross-claims at

---

[1] The Receiver's claim brought under the Uniform Voidable Transactions Act is the exception as discussed *infra.*

¶¶ 200–11, 226–37, 243–53, 259–69.) The UVTA authorizes a creditor to bring a claim to void certain transfers of assets made by a debtor with the intent to evade the debtor's obligations to present and future creditors. G.S. §§ 39-23.4(a) and 39-23.5. A "creditor" is a party with a "right to payment," whether that right is "reduced to judgment, liquidated, unliquidated, contingent, unmatured, [or] disputed." G.S. §§ 39-23.1(3) and (4).

21. G.S. § 39-23.4(a) protects a present or future creditor when a "transfer made . . . by a debtor" is made

(1) [w]ith intent to hinder, delay, or defraud any creditor of the debtor; or

(2) [w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: a. [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or b. [i]ntended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

22. In addition, G.S. § 39-23.5(a) protects a present creditor when "the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer" and the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. A "transfer" is any method by which a debtor "dispos[es] of or part[s] with an asset." G.S § 39-23.1(12). An "asset" is "property of a debtor." G.S. § 39.23.1(2).

23. In order to state a claim, the Receiver would have to allege that (a) Perfect Fit is a "creditor" of the Gibson Defendants, (b) the Gibson Defendants are "debtors" to Perfect Fit, and (c) the Gibson Defendants transferred "assets," meaning property owned by the Gibson Defendants, to evade Perfect Fit's claims as a creditor.

The Receiver has not expressly alleged that Perfect Fit is a "creditor" of the Gibson Defendants, or that the Gibson Defendants are "debtors" to Perfect Fit. In addition, the Receiver has not alleged that the Gibson Defendants transferred any of their own assets to evade claims held by Perfect Fit. Rather, the Receiver alleges the State of North Carolina was a creditor of Perfect Fit, and that Margaret Gibson directed Perfect Fit to make transfers and distributions of Perfect Fit's assets to the Gibson Defendants to remove those assets from the reach of the State of North Carolina as a creditor of Perfect Fit. (*See, e.g.*, ECF No. 84, Cross-claims at ¶¶ 200–08, 226–34.) There are no allegations that once Perfect Fit's assets were in the hands of the Gibson Defendants the Defendants again transferred the assets to avoid debts owed to Perfect Fit. The allegations do not state the elements of a claim under the UVTA.

24. To the extent that Defendants move to dismiss the Receiver's claims under the UVTA pursuant to Rule 12(b)(1), such motion should be GRANTED.

### C. *Motion to dismiss claims for breach of fiduciary duty, unjust enrichment, and indemnity and contribution under Rule 12(b)(6)*

25. Finally, the Gibson Defendants argue that the Cross-claims and Third-Party Claim fail to state claims for relief for breach of fiduciary duty, unjust enrichment, and indemnity and contribution pursuant to Rule 12(b)(6). (ECF No. 107, at pp. 11–13.)

#### i. *Breach of Fiduciary Duty*

26. In order to establish a claim for breach of fiduciary duty, plaintiff must show that: (1) defendant owed plaintiff a fiduciary duty; (2) defendant breached this fiduciary duty; and (3) the breach of fiduciary duty was a proximate cause of injury

to plaintiff. *Farndale Co., LLC v. Gibellini*, 176 N.C. App. 60, 68, 628 S.E.2d 15, 20 (2006). Under North Carolina law corporate officers must act in a manner that they reasonably believe to be in the best interests of the corporation. G.S. § 55-8-42. The duty owed by officers is owed to the corporation, and breach of fiduciary duty claims against corporate officers are claims belonging to the corporation. *Underwood v. Stafford*, 270 N.C. 700, 702–703, 155 S.E.2d 211, 213 (1967).

27. The Receiver alleges that Margaret Gibson was the "sole director and person in control of" Perfect Fit and, due to her directorship, she owed fiduciary duties of care, loyalty, and good faith to Perfect Fit. (ECF No. 84, Cross-claims at ¶¶ 6, 17.) The Receiver alleges that Gibson breached her fiduciary duty by either participating in, or failing to stop, Perfect Fit from making fraudulent Medicaid reimbursement claims, and by failing to make certain Perfect Fit's claims were properly documented, proximately resulting in Perfect Fit incurring millions of dollars of liability to the State of North Carolina and the Federal Government. (ECF No. 84, Cross-claims at ¶¶ 40–51, 54, 80–84.) The Receiver has also alleged that Margaret Gibson engaged in self-dealing transactions to transfer money from Perfect Fit to herself and to the other Gibson Defendants, despite knowing that such transfers were improper and caused the company to become insolvent. (ECF No. 84, Cross-claims at ¶¶ 85–154.) These allegations sufficiently state a claim for breach of fiduciary duty against Margaret Gibson.

*28.* The Gibson Defendants' motion to dismiss the Receiver's cross-claim for breach of fiduciary duty should be DENIED.

### ii. Unjust Enrichment

29. The Receiver makes claims for unjust enrichment against the Gibson Defendants. (ECF No. 84, Cross-claims at ¶¶ 212–16, 238–42, 254–58, 270–74.) In North Carolina, to recover on a claim of unjust enrichment, Plaintiff must prove: (1) that it conferred a benefit on another party; (2) that the other party consciously accepted the benefit; and (3) that the benefit was not conferred gratuitously or by an interference in the affairs of the other party. *Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330, 572 S.E.2d 200, 206 (2002). "The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761 (1984).

30. The Receiver alleges that Perfect Fit conferred benefits on each of the Gibson Defendants, directly and indirectly, by transferring Perfect Fit's assets to the Gibson Defendants. (ECF No. 84, Cross-claims at ¶¶ 85–154.) The Receiver further alleges that Perfect Fit did not bestow these transfers gratuitously, and "did not receive anything of reasonably equivalent value for [each] transfer." (*Id.* Cross-claims at, *e.g.* ¶¶ 88, 93, 98, 103, 108, 113, 118, 123, 128, 135, 144, 151.) The Gibson Defendants consciously accepted the transfers. (*Id.* Cross-claims at ¶¶ 215, 241, 257, 273.)

31. These allegations are sufficient to support a claim for unjust enrichment at this stage. Accordingly, the Gibson Defendants' motion to dismiss the Receiver's cross-claim for unjust enrichment should DENIED.

### iii. Indemnity

32. The Receiver brings a claim on behalf of Perfect Fit against Margaret Gibson for indemnity and/or contribution. (*Id.* Cross-claims at ¶¶ 221–225.) "In North Carolina, a party's rights to indemnity can rest on three bases: (1) an express contract; (2) a contract implied-in-fact; or (3) equitable concepts arising from the tort theory of indemnity, often referred to as a contract implied-in-law." *Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 38, 587 S.E.2d 470, 474 (2003).

> A contract of indemnity need not be express; indemnity may be recovered if the evidence establishes an implied contract. In addition, a right to indemnity exists whenever one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other.

*McDonald v. Scarboro*, 91 N.C. App. 13, 22, 370 S.E.2d 680, 686 (1988).

33. The Receiver has alleged that Margaret Gibson was Perfect Fit's president and sole director, and that she signed a Medicare Provider Agreement on behalf of Perfect Fit. (ECF No. 84, Cross-claims at ¶¶ 14, 17.) In the Medicare Provider Agreement, Margaret Gibson agreed that Perfect Fit would abide by federal and state record keeping requirements, and she had a fiduciary obligation "to ensure that [Perfect Fit] was submitting only claims which satisfied its obligations under the Medicaid Provider Agreement." (*Id.* Cross-claims at ¶¶ 15–17.) The Receiver alleges "as a direct and proximate result of Defendant Margaret Gibson's acts, [Perfect Fit] is liable to the State of North Carolina but does not have the necessary funds to satisfy

the State's claim for recoupment" and "[Perfect Fit] is entitled to recover from Defendant Margaret Gibson all of what the State of North Carolina may be entitled to recover from [Perfect Fit]." (*Id*. Cross-claims at ¶¶ 224–25.)

34. The Receiver has alleged that Perfect Fit was injured by Margaret Gibson's breach of fiduciary duty owed to Perfect Fit, and as a result Perfect Fit may be liable to the State of North Carolina. These allegations are sufficient at this stage to state a claim for indemnity by Perfect Fit against Margaret Gibson. Therefore, the Gibson Defendants' motion to dismiss the Third-Party Claim for indemnity should be DENIED.

## III. CONCLUSION

THEREFORE IT IS ORDERED that:

1. Defendants' Motion to Strike pursuant to Rule 12(f) is DENIED.

2. Defendants' motion to dismiss the Receiver's Cross-claims pursuant to Rule 12(b)(1) is DENIED.

3. Defendants' motion to dismiss the Receiver's Cross-claim for fraudulent transfers under the UVTA is GRANTED.

4. Defendants' motion to dismiss the Receiver's Cross-claim for breach of fiduciary duty is DENIED.

5. Defendants' motion to dismiss the Receiver's Cross-claim for unjust enrichment is DENIED.

6. Defendants' motion to dismiss the Receiver's Third-Party Claim for indemnity is DENIED.

This, the 7th day of March, 2018.


                                           <u>/s/ Gregory P. McGuire</u>
                                          Gregory P. McGuire
                                          Special Superior Court Judge
                                          For Complex Business Cases