Buckley LLP v. Series 1 of Oxford Ins. Co. N.C., 2020 NCBC 21.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 21128

BUCKLEY LLP,

          Plaintiff,

v.

SERIES 1 OF OXFORD
INSURANCE COMPANY NC LLC,

          Defendant.

**ORDER AND OPINION ON
DEFENDANT'S MOTION TO STRIKE**

1.    **THIS MATTER** is before the Court upon Defendant Series 1 of Oxford Insurance Company NC, LLC's ("Oxford") Motion to Strike (the "Motion"). (ECF No. 13.)

2.    Having considered the Motion, the related briefing, and the arguments of counsel at the hearing on the Motion, the Court hereby memorializes its oral ruling at the hearing and **DENIES** the Motion.

> *Williams & Connolly LLP, by William T. Burke, Elizabeth Wilson, and John K. Villa, and McGuireWoods LLP, by Joshua D. Davey, Andrew D. Atkins,*[1] *and Mary Ellen Goode, for Plaintiff Buckley LLP.*
>
> *Womble Bond Dickinson (US) LLP, by James P. Cooney, Jonathan R. Reich, and Elizabeth J. Bondurant, for Defendant Series 1 of Oxford Insurance Company NC, LLC.*

Bledsoe, Chief Judge.

---

[1] After the hearing on the Motion, the Court permitted Joshua D. Davey and Andrew D. Atkins to withdraw as counsel of record for Buckley by orders dated January 30, 2020 and March 13, 2020, respectively. (ECF Nos. 36, 45.)

## I.

## BACKGROUND

3. Plaintiff Buckley LLP ("Buckley") filed the Complaint initiating this action on October 29, 2019, alleging that Defendant Oxford has acted in bad faith and in breach of its contract obligations in denying Buckley's covered claim under a "loss of key employee" insurance policy Buckley purchased from Oxford. Buckley asserts claims against Oxford for breach of the policy, breach of a nondisclosure agreement, unfair and deceptive trade practices in violation of N.C.G.S §§ 58-63-15 and 75-1.1, breach of an implied covenant of good faith and fair dealing, and tortious refusal to settle an insurance claim. Buckley also seeks a declaratory judgment that Oxford has breached its obligations under the policy. (Compl., ECF No. 3.)

4. This Motion arises from Buckley's decision to include a five-page case summary and introduction in non-numbered paragraphs at the beginning of its 47-page, 118-paragraph Complaint and to include in this summary allegations that Oxford argues constitute baseless and inflammatory accusation. Among the allegations Oxford finds objectionable are the following:

- Oxford's conduct "is reprehensible" and a "concerted effort" to "deprive Buckley of the coverage it paid for[,]" (Compl. 1);

- "Buckley caught Oxford red-handed[,]" and Oxford's "attempts to derail Buckley's Claim had been thwarted[,]" (Compl. 2);

- "Oxford . . . proceeded in a concerted effort to cheat Buckley out of coverage it had paid for[,]" (Compl. 2);

- Oxford "threaten[ed] to refer the matter to a third party for investigation[,]" and Oxford "[f]ollow[ed] through on its threat," (Compl. 3);

- Oxford's investigation was "tantamount to sophisticated, one-way, civil discovery against Buckley, with interrogatory-style questions requiring written responses, requests for production of documents, and demands for sworn interviews before court reporters[,]" (Compl. 4);

- "Oxford publicly disclosed Buckley's confidential information and brazenly violated the Nondisclosure Agreement—with no regard for the privacy interests of individuals who, as Buckley had informed Oxford, had requested confidentiality and feared potential retaliation[,]" (Compl. 5); and

- "Oxford preyed upon Buckley's patience to draft a complaint and race to the courthouse[,]" (Compl. 5).

5. Oxford filed the Motion on December 5, 2019, arguing that these allegations "contain material that is redundant, irrelevant, immaterial, impertinent, or scandalous matter" in violation of Rule 12(f) of the North Carolina Rules of Civil Procedure ("Rule(s)") and "are not a short, nor plain, statement of the claim" in violation of Rule 8(a). (Def.'s Mot. Strike 1, ECF No. 13.)

6. After briefing was completed, the Court held a hearing on the Motion on January 24, 2020, at which all parties were represented by counsel. After argument,

the Court issued an oral ruling at the hearing denying the Motion. The Court now memorializes that ruling in this Order and Opinion.

II.

ANALYSIS

7. "Rule 12(f) . . . allows the court to strike 'from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter.'" *Carpenter v. Carpenter*, 189 N.C. App. 755, 759, 659 S.E.2d 762, 765 (2008) (quoting N.C. R. Civ. P. 12(f)). "Rule 12(f) motions are addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion." *Reese v. City of Charlotte*, 196 N.C. App. 557, 567, 676 S.E.2d 493, 499 (2009) ("*Reese II*") (internal quotation marks omitted). "Matter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion [to strike] should be denied." *Pete Wall Plumbing Co. v. Sandra Anderson Builders, Inc.*, 215 N.C. App. 220, 232, 721 S.E.2d 663, 671 (2011) (quoting *Reese II*, 196 N.C. App. at 567, 676 S.E.2d at 499); *see also Daily v. Mann Media, Inc.*, 95 N.C. App. 746, 748–49, 384 S.E.2d 54, 56 (1989) ("Rule 12(f) motions are viewed with disfavor and are infrequently granted." (internal quotation marks omitted)).

8. Oxford argues that the first five pages of the Complaint "consist of invective-tainted argument that is immaterial to any claim." (Def.'s Br. Supp. Mot. Strike 2, ECF No. 14.) Oxford also contends that these opening pages are redundant of

allegations otherwise present in the Complaint, which places an unnecessary burden on Oxford in responding. (Def.'s Br. Supp. Mot. Strike 4.)

9. In opposition, Buckley argues that the allegations at issue directly relate to its claims and act as a summary to "help[ ] the reader place in context the more detailed allegations that [Buckley] asserts later in the Complaint." (Buckley's Resp. Def.'s Mot. Strike 3–4, ECF No. 27.) Buckley contends that its allegations are neither scandalous nor redundant and are within the bounds of fair advocacy. (Buckley's Resp. Def.'s Mot. Strike 5–7.) Buckley further contends narrative introductions are not prohibited by Rule 8 and that its introduction here is not unduly burdensome, especially considering that Oxford appropriately addressed the allegations at issue in its Answer with a single, short sentence. (Buckley's Resp. Def.'s Mot. Strike 7–9.)

10. Based on its careful review of the Complaint and applicable authority, the Court concludes, in the exercise of its discretion, that Oxford's Motion should be denied. While Buckley's Complaint contains allegations framed in aggressive and accusatory language and its case summary and introduction is extraordinary for its length, the Court concludes that the Complaint's allegations do not constitute "redundant, irrelevant, immaterial, impertinent, or scandalous matter" to the extent necessary to violate Rule 12(f) and that Buckley's introduction does not violate the requirements of Rule 8.

11. First, although the Court finds Buckley's resort to adjectives, adverbs, and "loaded" nouns to describe Oxford's alleged misconduct far less persuasive than it would a steady recitation of compelling fact after compelling fact, our courts permit a

party to "ascribe[ ] a motive" to an adversary's conduct so long as that motive has "a bearing upon the litigation[,]" *Reese v. Charlotte-Mecklenburg Bd. of Educ.*, 196 N.C. App. 539, 556, 676 S.E.2d 481, 492 (2009) ("*Reese I*") (denying Rule 12(f) motion), and is "sufficiently related to the allegations of the complaint[,]" *Reese II*, 196 N.C. App. at 567, 676 S.E.2d at 499 (same).

12. Here, Buckley's Chapter 75 claim for unfair and deceptive trade practices appears to rely, at least in part, on the same conduct supporting its breach of contract claim. Under well-established North Carolina law, "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992). Our courts have held that there must exist "some type of *egregious* or *aggravating* circumstances" to invoke section 75-1.1. *Dalton v. Camp*, 353 N.C. 647, 657, 548 S.E.2d 704, 711 (2001) (quoting *Allied Distribs., Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993)). Considering Buckley's allegedly inflammatory allegations in light of the claims pleaded and the pleading requirements for those claims, the Court concludes that Buckley's allegations should not be stricken.

13. As for Buckley's lengthy introduction, the Court first notes that while non-numbered introductory paragraphs are not expressly contemplated in the Rules, they are commonplace in business litigation in this State and elsewhere. When they are crafted to provide a brief, narrative overview of a complex business dispute, they can be very useful, and courts routinely permit them. *See, e.g., N. Face Apparel Corp. v.*

*Williams Pharmacy, Inc.*, No. 4:09CV2029RWS, 2010 U.S. Dist. LEXIS 11159, at \*6 (E.D. Mo. Feb. 9, 2010) ("The information contained in the introduction provides important context and background to [plaintiff's] allegations."); *Field v. Kittlaus*, No. 94 C 1114, 1994 U.S. Dist. LEXIS 13009, at \*2 (N.D. Ill. Sept. 8, 1994) ("[T]his Court has found that the Preliminary Statement is useful in providing information about the nature of the claim advanced by [plaintiff] in the [amended complaint.]"); *see also, e.g., Estate of Ware v. Hosp. of the Univ. of Pa.*, No. 2:14-cv-00014, 2015 U.S. Dist. LEXIS 132202, at \*13–14 (E.D. Pa. Sept. 30, 2015) (denying motion to strike introduction because defendants failed to show "risk of confusion or prejudice" and stating that "the failure to use numbered paragraphs is generally not fatal to [that] portion of a complaint"); *Mark Andy, Inc. v. Cartonmaster Int'l (2012), Inc.*, No. 4:14-CV-986-SPM, 2014 U.S. Dist. LEXIS 171886, at \*4 (E.D. Mo. Dec. 12, 2014) (rejecting motion to strike introduction because it "simply provide[d] a brief narrative overview of [p]laintiff's factual allegations").

14. While it would have been well for Buckley to have considered that an introduction's length and its persuasive effect do not necessarily follow one from the other, our Supreme Court has made clear that "[t]here is nothing in the rules to prevent detailed pleading if the pleader deems it desirable[.]" *Sutton v. Duke*, 277 N.C. 94, 105, 176 S.E.2d 161, 167 (1970) (citation omitted); *see also Holley v. Burroughs Wellcome Co.*, 74 N.C. App. 736, 748, 330 S.E.2d 228, 236 (1985) ("Though lengthy, highly detailed and technical, plaintiffs' original complaint contains nothing that warranted striking it in its entirety. . . . The complaint was clearly sufficient to

put defendants on notice of the claims against them, which is all that . . . Rule 8(a)(1) requires."). Given Rule 8's preference for broad freedom in pleading and Rule 12(f)'s limited and infrequent application, the Court concludes that Buckley's five-page, introduction in the context of its 47-page, 118-paragraph Complaint, is at the outer limits of—but within—the bounds of acceptable pleading and should not be stricken.

15. Significant to the Court's decision is the fact that Oxford appropriately answered the introductory allegations in a single, short sentence and thus has not suffered any discernible prejudice from responding to Buckley's introduction. *See Adolphe v. Option One Mortg. Corp.*, No. 3:11-cv-418-RJC, 2012 U.S. Dist. LEXIS 109486, at *5 (W.D.N.C. Aug. 6, 2012) ("[I]t is a generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant[.]").[2] The Court notes that a similarly lengthy introduction might not survive Rule 12(f) scrutiny in a future case where prejudice to the answering party can be shown. *See, e.g., Katz v. Am. Express Co.*, No. 14-00084 JMS-RLP, 2014 U.S. Dist. LEXIS 162993, at *16–17 (D. Haw. Nov. 18, 2014) (criticizing a "long narrative" introduction in an amended complaint "more akin to a legal brief" and observing that "superfluous allegations only make[ ] discerning the true basis of [p]laintiffs' claims that much more difficult"); *see also Benchmark Constr., LLC v. Scheiner Commer. Grp., Inc.*, No. 2:12-cv-00762, 2013 U.S. Dist. LEXIS 43887, at *3 (D. Utah Mar. 26, 2013) ("Specifically, the court strikes the 'Introduction' section . . .

---

[2] Because Rules 8 and 12(f) are substantially the same as their federal counterparts, the Court may consult federal authority for guidance. *See, e.g., Sutton*, 277 N.C. at 101, 176 S.E.2d at 165.

of the Complaint. The [d]efendants' argument is well-taken that this unnumbered section of narrative, more similar in nature to an opening argument at trial than a 'short and plain statement of the claim showing that the pleader is entitled to relief,' is prolix and unnecessarily dramatic at this stage of the lawsuit." (citation omitted)).

## III.

## CONCLUSION

16. **WHEREFORE**, based on the foregoing, the Court, in the exercise of its discretion, hereby **DENIES** Oxford's Motion.

**SO ORDERED**, this the 23rd day of March, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge