ED GARDNER v. THE CAROLINA INSURANCE COMPANY OF WILMINGTON, NORTH CAROLINA.

(Filed 19 October, 1949.)

**1. Insurance § 19a—**

    The provisions of the standard form of fire insurance policy are valid, and the rights and liabilities of both parties under the policy must be ascertained and determined in accordance with its terms. G.S. 58-177.

**2. Insurance § 24a—**

    Ordinarily, plaintiff in an action on a policy of fire insurance must allege and prove that he filed proof of loss with insurer within sixty days after the occurrence of fire, as required by the policy, or waiver of such proof, and in the absence of allegation and evidence to this effect insurer's motion to nonsuit is properly allowed.

APPEAL by plaintiff from *Patton, Special Judge,* May Term, 1949, CLEVELAND. Affirmed.

Civil action to recover on a fire insurance policy.

Plaintiff, being in possession of a tract of farm land under a bond for title, applied for and obtained from defendant a policy of insurance in the sum of $2,000 dated 20 January 1948, insuring him against loss on account of the damage or destruction by fire of the building located on the farm. On 20 August 1948 the building was completely destroyed by fire. On 30 November 1948 plaintiff instituted this action to recover on the policy.

Plaintiff does not allege that he filed proof of loss within sixty days after fire and offered no evidence tending to show that such proof was filed or that it was in any manner waived. Instead, he testified: "The insurance company has never paid me for this house under this policy. I have not asked the insurance company to pay it."

In the trial below when plaintiff rested, the court, on motion of defendant, dismissed the action as in case of nonsuit. Plaintiff appealed.

*A. A. Powell and J. R. Davis for plaintiff appellant.*

*D. Z. Newton for defendant appellee.*

BARNHILL, J. The contract between plaintiff and defendant is in the standard form prescribed by statute. G.S. 58-177. The rights and liabilities of both parties under the policy must be ascertained and determined in accord with its terms. *Zibelin v. Insurance Co.,* 229 N.C. 567, and cases cited.

Under the terms of the policy the plaintiff was required to file with defendant proof of loss within sixty days after the fire occurred, and the policy provides that unless this proof is filed within the prescribed period

no suit may be maintained on the policy. *Tatham v. Ins. Co.,* 181 N.C. 434, 107 S.E. 450; *Zibelin v. Insurance Co., supra.* Ordinarily, compliance with these provisions of the contract must be alleged in the complaint and proved at the hearing.

The defendant, of course, could waive the filing of proof of loss, and it is generally held that a denial of liability by the insurer, made during the period prescribed by the policy for the presentation of proof of loss, on grounds not relating to the proof, will be considered a waiver of the provision requiring such proof. *Gerringer v. Insurance Co.,* 133 N.C. 407; *Felts v. Insurance Co.,* 221 N.C. 148, 19 S.E. 2d 259; *Gorham v. Insurance Co.,* 214 N.C. 526, 200 S.E. 5; Anno. 22 A.L.R. 408. But the record fails to disclose either allegation or evidence of waiver.

As the plaintiff filed no proof of loss and has failed to show waiver, he has no enforceable cause of action. Therefore the judgment below must be

Affirmed.