WILLIS BERT SHELLHORN v. BRAD RAGAN, INC., BRADLEY E. RAGAN, ROBERT H. BUCHANAN AND HOMER L. HUSKINS

No. 7719SC1049

(Filed 17 October 1978)

**1. Rules of Civil Procedure § 34— motion for production of documents**

In an action for breach of an employment contract and tortious interference with the employment contract, the trial court properly granted plaintiff's discovery motions for the production of (1) documents relating to alleged wrongful acts by defendants directed toward third parties, since they were relevant to the issue of whether plaintiff's employment was terminated because of his knowledge of the alleged wrongful acts, and (2) documents relating to the employment of other persons by the corporate defendant, since they were relevant either because such persons were participants in the alleged wrongful acts or because they had evidence as to the nature and extent of such acts.

**2. Rules of Civil Procedure § 34— motion for production of documents—remoteness**

In an action for breach of an employment contract in 1974 and tortious interference with the employment contract, documents that came into existence between January 1966 and January 1974 were not too remote in time from the events of plaintiff's claim so as to defeat plaintiff's request for the production of such documents.

**3. Rules of Civil Procedure § 34— overly broad request for production of documents**

Plaintiff's requests for the production of any type of recording and the transcripts thereof of any telephone or other conversations by any past or present employee of the corporate defendant and for all documents related to any threatened, pending or closed civil or criminal action in which defendants have been or may be named a party or parties thereto were overly broad and indefinite and should have been denied by the trial court.

**4. Rules of Civil Procedure § 12— motion for judgment on pleadings**

Defendant's motion for judgment on the pleadings based on an alleged release executed by plaintiff as to all claims against defendants was properly

Shellhorn v. Brad Ragan, Inc.

denied where plaintiff's complaint presented questions as to the validity of the alleged release and the circumstances giving rise to its execution.

**5. Rules of Civil Procedure § 12— striking matter from pleadings**

Matter should not be stricken from a pleading unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion to strike should be denied.

APPEAL by defendants from *Walker (Hal H.), Judge.* Judgment entered 4 November 1977 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 26 September 1978.

On 22 April 1977, plaintiff, a former employee, officer, and director of Brad Ragan, Inc., instituted this action against Brad Ragan, Inc. (hereinafter referred to as "BRI"); Bradley E. Ragan, chief executive officer of BRI; Robert H. Buchanan, a former vice president and director of BRI; and Homer L. Huskins, vice president and former director of BRI. Plaintiff alleged seven claims for relief: first, breach of employment contract between plaintiff and defendant BRI; second, tortious interference with the alleged employment contract by the individual defendants, Ragan, Buchanan, and Huskins; third, breach of an agreement between plaintiff and BRI by which BRI was obligated to pay legal and personal expenses of the plaintiff; fourth, tortious interference with the alleged contract to pay plaintiff's legal and personal expenses by the individual defendants, Ragan, Buchanan, and Huskins; fifth, allegations of libel, slander and invasion of privacy; sixth, conspiracy to commit the acts alleged in the above claims for relief; seventh, violations of Chapter 75 of the North Carolina General Statutes that constitute unfair and deceptive acts and practices in the conduct of business.

Based on the above claims for relief, plaintiff demanded actual damages of $1,908,500, this amount trebled pursuant to Chapter 75, and punitive damages of $2,739,000.

On 1 July 1977, plaintiff submitted seventy-seven discovery requests for the production of documents. Each defendant filed a response and objections to plaintiff's requests for production of documents; a motion to strike portions of the complaint, Rule 12(f); a motion to dismiss the sixth and seventh claims for relief, Rule 12(b)(6); and an answer to the complaint denying plaintiff's claims for relief.

On 9 September 1977, plaintiff moved for an order requiring defendants to produce documents in his discovery requests.

On 16 September 1977, defendants moved for judgment on the pleadings on the ground plaintiff had executed a release, a complete defense to each and all claims against defendants.

On 30 September 1977, all motions came before Judge Hal H. Walker for hearing. An order was entered on 4 November 1977 granting, in part, defendants' motion to strike certain allegations from the complaint on the grounds they were redundant, irrelevant, immaterial, and impertinent, in violation of North Carolina Rules of Civil Procedure, N.C. Gen. Stat. 1A-1, Rules 8(a) and 8(e)(1); granting defendants' motion to dismiss the sixth and seventh claims for relief on the grounds that they failed to state a claim upon which relief can be granted; denying defendants' motion for judgment on the pleadings; and granting plaintiff's motion for an order requiring defendants to produce documents. The court found that the requested documents were relevant to the first five claims for relief, and appeared reasonably calculated to lead to the discovery of admissible evidence. From this order, the defendants appeal. Upon motion of the defendants, Judge Walker entered a stay order pending the outcome of this interlocutory appeal.

Defendants entered a petition for writ of certiorari with this Court 4 November 1977, and it was denied 8 December 1977. The Supreme Court of North Carolina affirmed this Court's denial of the petition for writ of certiorari and denied defendants' petition for discretionary review before determination 1 February 1978.

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and F. Joseph Treacy, Jr., for plaintiff appellee.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Daniel W. Fouts, for defendant appellant Brad Ragan, Inc. Manning, Fulton & Skinner, by Howard E. Manning, for defendant appellant Bradley E. Ragan. Jordan, Wright, Nichols, Caffrey & Hill, by Charles E. Nichols, for defendant appellant Robert H. Buchanan. Brinkley, Walser, McGirt & Miller, by Walter F. Brinkley, for defendant appellant Homer L. Huskins.*

MARTIN (Harry C.), Judge.

Plaintiff moves to dismiss the appeal. Although this Court denied petition for certiorari on 8 December 1977, we now treat the appeal as a petition for review by way of certiorari. The petition is granted. The plaintiff's motion to dismiss the appeal is denied.

Defendants' first assignment of error is to the granting of plaintiff's discovery motion to produce documents, challenging the court's findings of fact and conclusions of law: "[T]he documents requested by plaintiff are relevant to the first five Claims for Relief, in that such documents appear to be reasonably calculated to lead to the discovery of admissible evidence as to the first five Claims for Relief." We must align the underlying claims for relief with the requested documents for discovery to determine if the documents are within the scope of discovery. *Willis v. Power Co.*, 291 N.C. 19, 229 S.E. 2d 191 (1976). The North Carolina Rules of Civil Procedure define the scope of discovery:

> (b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
>> (1) In General.—Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence nor is it ground for objection that the examining party has knowledge of the information as to which discovery is sought.

N.C. Gen. Stat. 1A-1, Rule 26(b) (1969). The relevancy test for discovery is not the same as the relevancy test for admissibility into evidence. To be relevant for purposes of discovery, the information need only be "reasonably calculated" to lead to the discovery of admissible evidence. Relevant matter that is privileged is not discoverable unless the interests of justice outweigh the protected privilege. A determination that particular information is relevant for discovery is not conclusive of its admissibility as relevant evidence at trial. 4 Moore's Federal practice ¶¶ 26.56[1] and 26.56[4] (2d. ed. 1976).

[1] Defendants appeal from the discovery order to produce documents based on four categories of the individual requests. The first category involves requests relating to alleged wrongful acts directed at third persons. Requests Nos. 1-3, 4(c)-4(f), 22-32, 35-39, 45-50, and 52-77. Defendants contend the alleged guilt of wrongful acts by the defendants directed at third parties, specifically matters related to securities fraud, tax evasion, commercial bribery, and improper billing, are not within the elements necessary for plaintiff to prove his claims. The alleged illegal acts directed at third parties are relevant for discovery. The very heart of this lawsuit is related to the alleged illegal acts. Plaintiff maintains that his knowledge and awareness of the alleged illegal acts resulted in the termination of his employment. Defendants have asserted in defense that plaintiff's employment was terminated because he failed to properly and competently discharge his duties of employment and committed acts detrimental to the interests of BRI. The reasons for the termination of plaintiff's employment are directly in issue, therefore the alleged illegal acts to third persons are relevant. The scope of discovery is not limited to matters relevant to claims for relief but also includes matters relevant to defenses. The Court finds that the production of these documents will not be unreasonably burdensome. Defendants' objections to these requests are overruled, except No. 57 considered below.

The second category involves requests relating to the employment of persons who are not parties to this action. Requests Nos. 4(a)-4(b), 5, 6-10, 11, 12, 13-16, 21, 62, 65, and 72. Defendants contend that documents relating to the employment of others by BRI are irrelevant because the issue in this case is the employment of plaintiff. Plaintiff contends that this informa-

tion is relevant either because the individuals were participants or they "have evidence as to the nature and extent of the alleged scheme." We agree with appellee that these items are relevant for discovery and defendants' objections to these requests are overruled.

[2] The third category involves requests relating to documents remote in time from the events giving rise to Shellhorn's claims. Defendants contend that plaintiff's request for production of documents that came into existence between 1 January 1966 and 1 January 1974 is only of marginal relevance to the matters surrounding plaintiff's alleged employment contract that began in April 1974. The record indicates that plaintiff was employed by BRI from 1966 to 1972. In 1972, plaintiff was discharged from his employment with BRI. The discharges in 1972 and in 1974 were allegedly on the same grounds.

> In an ordinary case, discovery as to matters occurring outside the period of limitations or at some other time not relevant to the case may be denied, but where a continuing conspiracy, fraud, or other wrong is alleged, discovery may be had regarding acts prior to the period upon which the action is based.

4 Moore's Federal Practice ¶ 26.56[1], at 26-126 (2d. ed. 1976). Although plaintiff makes no claim with respect to the prior employment, we hold that the requested documents are not remote in time from the events of the plaintiff's present claim.

[3] The fourth category involves requests which defendants contend are overly broad and indefinite. Requests Nos. 32, 33, 34, 40-43, 47, 49, 50, 51, 56-60, 72, and 75. Plaintiff's Request No. 51 for "[a]ll records, whether by tape, wire, videotape, sound movie, or other electronic or mechanical means and transcripts thereof of any conversation whether conducted by telephone or otherse [sic] which record the words of any person who now is or has been in the past an employee of BRI" and Request No. 57 for "[a]ll documents related to any civil or criminal actions, whether threatened, pending, or closed in which the defendants have been or may be named a party or parties thereto" are overly broad and indefinite. Defendants' objections to Requests Nos. 51 and 57 are sustained. Defendants' objections to the remaining requests in the fourth category are overruled.

**[4]** Defendants' second assignment of error is the trial court's denial of their motion for judgment on the pleadings pursuant to Rule 12(c). N.C. Gen. Stat. 1A-1, Rule 12(c) (1969). Defendants must show that no material factual issues exist and that they are clearly entitled to judgment. This is a strict standard. "The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974). Defendants' motion is based on an alleged release executed by plaintiff to each and all claims against the defendants. The plaintiff's complaint presents questions as to the validity of the alleged release and the circumstances giving rise to its execution. Taking plaintiff's assertion in the light most favorable to him, there are contravening issues of fact. Defendants' motion for judgment on the pleadings was properly denied.

**[5]** Defendants' third assignment of error is the trial court's denial of their motion to strike pursuant to Rule 12(f). N.C. Gen. Stat. 1A-1, Rule 12(f). This motion was denied in part, from which defendants appeal. Matter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion should be denied. 2A Moore's Federal Practice ¶ 12.21, at 2429 (2d. ed. 1976). We affirm the trial court's order on the motion to strike.

Modified and affirmed.

Chief Judge BROCK and Judge CLARK concur.