HARRY G. SMITH v. NORTH CAROLINA FARM BUREAU MUTUAL IN-SURANCE COMPANY

No. 8624SC797

(Filed 20 January 1987)

1. **Insurance § 130— fire insurance—failure to comply with proof of loss requirement—good cause—no prejudice to insurer—no relief from obligation to pay**

    Failure of an insured to comply with the proof of loss requirements of a fire insurance policy, if it was for "good cause" and did not prejudice the insurer, will not relieve the insurer of its obligation to pay on the policy. N.C.G.S. § 58-180.2.

2. **Insurance § 130— fire insurance—compliance with proof of loss requirement**

    In an action to recover on a fire insurance policy, plaintiff's allegations that he submitted a sworn proof of loss statement which set forth that his

Smith v. N. C. Farm Bureau Mutual Ins. Co.

losses were in excess of the policy limits sufficiently brought plaintiff within the purview of N.C.G.S. § 58-180.2 so that plaintiff was not required to reply to defendant's answer, since plaintiff's allegations that his losses exceeded the policy limits would suggest that plaintiff believed that the omitted information was irrelevant, and the clear implication was that defendant could not have been harmed by plaintiff's failure to include irrelevant information.

**3. Insurance § 130— fire insurance—proof of loss form filed by insured—burden of proof on insurer to show substantial harm**

Testimony by plaintiff that he filled out a proof of loss form according to the instructions he received was sufficient to enable the jury to find that plaintiff, at least subjectively, had good cause for failing properly to file the proof of loss statement, and the burden of proof was then upon defendant to show that it was substantially harmed by plaintiff's failure to complete the proof of loss statement as required by the policy.

Judge JOHNSON dissenting.

APPEAL by plaintiff from *Gray, Judge.* Judgment entered 12 March 1986 in Superior Court, AVERY County. Heard in the Court of Appeals 30 October 1986.

This is an action for breach of a fire insurance contract. The evidence at trial showed that on 12 February 1981, a fire destroyed plaintiff's house. The house was covered by a homeowner's policy issued by defendant, North Carolina Farm Bureau Mutual Insurance Company. Plaintiff notified defendant of the fire and submitted a statement entitled "Sworn Statement in Proof of Loss." The proof of loss statement submitted was incomplete in that it failed to include such things as the actual cash value of the property at the time of the loss, the total amount of the loss being claimed, and the time and origin of the loss. The statement, though incomplete, was signed and sworn to on 9 March 1981 and sent to defendant through plaintiff's attorney, apparently within the 60 day time period prescribed in the policy. The defendant did not pay plaintiff's claim.

As a result of defendant's failure to pay, on 10 February 1984 plaintiff filed this action, alleging breach of contract and damages in the amount of $120,000. In his complaint, plaintiff stated that he filed a sworn proof of loss statement on a form provided by defendant, which set forth that the actual cash value of his losses exceeded the policy limits. Defendant's answer contained several defenses, including plaintiff's failure to file the proof of loss statement as required by the policy. Plaintiff did not file any pleading in response to defendant's answer.

After an initial mistrial, the case was tried a second time on 10 March 1986. At the close of plaintiff's evidence defendant moved for a directed verdict. That motion was denied. Defendant then rested its case without offering any evidence and renewed its directed verdict motion. This time the trial court granted defendant's motion.

*Glover & Petersen, by James R. Glover, for the plaintiff-appellant.*

*Morris, Golding, Phillips & Cloninger, by William C. Morris, Jr. and Thomas R. Bell, Jr., for the defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that there was a question for the jury regarding whether his recovery was barred by his failure to comply with the policy's proof of loss requirements and that the trial court erred in granting defendant's motion for a directed verdict. We agree.

[1]   G.S. 58-176(c) sets out the terms which must be included in the kind of fire insurance policy involved here. One of those provisions requires the insured to submit to the insurer a sworn proof of loss statement containing certain information within 60 days of the loss. Admittedly, plaintiff has failed to comply fully with that provision; but that failure is not necessarily fatal to plaintiff's case. G.S. 58-180.2 provides that:

> In any action brought to enforce an insurance policy subject to the provisions of this Article, any party claiming benefit under the policy may reply to the pleading of any other party against whom liability is sought which asserts as a defense, the failure to render timely proof of loss as required by the terms of the policy that such failure was for good cause and that the failure to render timely proof of loss has not substantially harmed the party against whom liability is sought in his ability to defend. The issues raised by such reply shall be determined by the jury if jury trial has been demanded. G.S. 58-180.2.

Therefore, the failure of an insured to comply with the proof of loss requirements, if it was for "good cause" and did not prejudice the insurer, will not relieve the insurer of its obligation to pay on

the policy. *See Brandon v. Insurance Co.*, 301 N.C. 366, 271 S.E. 2d 380 (1980).

**[2]** Defendant argues, however, that G.S. 58-180.2 is not applicable because plaintiff did not reply to defendant's answer as the statute requires. Defendant cites *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977) in support of the view that the statute's language that plaintiff "may reply" means that plaintiff "must" reply. In *Vernon*, the court held that Rule 7(a) of the North Carolina Rules of Civil Procedure, which states that a plaintiff "may" file a reply alleging the doctrine of last clear chance to a defendant's affirmative defense of contributory negligence, requires some pleading alleging the doctrine since, under Rule 8(d), affirmative defenses are treated as denied or avoided only if a responsive pleading is neither required nor permitted. Because G.S. 58-180.2 allows a responsive pleading, defendant contends that plaintiff was required to file such a reply before availing himself of the statute's benefits.

Assuming *arguendo* that the analysis used in *Vernon* is controlling here, we nevertheless find that plaintiff sufficiently pleaded the provisions of G.S. 58-180.2. The court in *Vernon* held that a reply alleging last clear chance was not necessary if the complaint alleged facts which gave rise to the doctrine. *See also Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968). Similarly, if plaintiff's complaint here contained allegations sufficient to bring it within the purview of G.S. 58-180.2, no reply was necessary.

Rule 8 of the North Carolina Rules of Civil Procedure provides the general rules of pleadings. G.S. 1A-1, Rule 8. Rule 8 was intended to liberalize pleading requirements by adopting the concept of "notice pleading," thereby abolishing the more strict requirements of "fact pleading." *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Therefore, a pleading is sufficient if it gives notice of the events and transactions and allows the adverse party to understand the nature of the claim and to prepare for trial. *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984). Pleadings must be liberally construed to do substantial justice, *Givens v. Sellars*, 273 N.C. 44, 159 S.E. 2d 530 (1968); G.S. 1A-1, Rule 8(f), and must be fatally defective before they may be rejected as insufficient. *Oil Co. v. Richardson*, 271 N.C. 696, 157 S.E. 2d 369 (1967). Once a complaint gives general notice of the matter being pleaded, the

defendant must rely on other procedures, such as discovery, to further define the issues and prepare for trial. *Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 319 S.E. 2d 329 (1984), *disc. rev. denied*, 312 N.C. 796, 325 S.E. 2d 484 (1985).

Applying those principles here, we hold that plaintiff's complaint sufficiently alleged the provisions of G.S. 58-180.2. Plaintiff alleged that he submitted a sworn proof of loss statement which set forth that his losses were in excess of the policy limits. On the proof of loss statement, plaintiff failed to include, among other things, the actual cash value of the property at the time of the loss, the "whole loss and damage," and the "amount claimed." Plaintiff's allegation that his losses exceeded the policy limits would suggest that plaintiff believed that the omitted information was irrelevant since defendant, if liable, is obligated to pay only up to those limits if, in fact, the losses did exceed them. The clear implication is that defendant could not have been harmed by plaintiff's failure to include irrelevant information.

We believe plaintiff's allegations are sufficient to bring the issue of substantial harm before the trial court. In fact, it would be difficult for plaintiff to more specifically allege a lack of substantial harm since all of the facts relating to the issue seem to be peculiarly within the knowledge of the insurer. A conclusory allegation that defendant was not harmed is not required. G.S. 58-180.2 was intended to benefit the insured, not the insurer. The statute is entitled "Bar to defense of failure to render timely proof of loss." When it was adopted in 1973, our case law held that failure to strictly comply with the terms of a fire insurance policy resulted in an absolute forfeiture of the right to recover. *See Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957); *Gardner v. Insurance Co.*, 230 N.C. 750, 55 S.E. 2d 694 (1949). Where the legislature has adopted a statute to achieve a specific aim, the courts must construe it to effectuate that purpose. *Realty Co. v. Bank Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979). Consequently, we interpret the statute to require no more technical pleadings than the principles of notice pleading would otherwise require. Under those principles, plaintiff's complaint was sufficient to invoke the statute. Therefore, the issue of substantial harm to defendant was a proper one for trial.

[3] Having found that the provisions of G.S. 58-180.2 were applicable, we must now determine whether defendant nevertheless was entitled to a directed verdict. In making that determination the essential question becomes which party has the burden of proof under the statute. While the statute is silent as to which party has the burden of proof regarding the issues of "good cause" and substantial harm, these questions were addressed under only slightly different circumstances in *Great American Insurance Co. v. C. G. Tate Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769 (1981) (*Great American I*). There, overruling a long line of cases which had followed a strict contractual approach in interpreting liability insurance contracts, the court held that an insured's failure to comply with the notice requirements of a liability insurance policy did not result in a forfeiture of the insured's rights under the policy if the failure was in good faith and the insurer was not materially prejudiced in its ability to investigate and defend. The court further held that the burden of showing prejudice was on the insurance company once the insured carried its burden of showing "good faith" in his failure to properly notify the insurance company.

In placing the burden of showing prejudice on the insurer, the *Great American I* court reasoned that an insurer's expertise in investigating claims allowed it to recognize and prove prejudice, while the insured would be in a disproportionately more difficult position if he were required to prove the absence of prejudice. The court also believed that such a rule would encourage the insurer to make a prompt, preliminary investigation once it received the tardy notification.

The reasoning of *Great American I* is equally applicable here. The expertise lies with the insurer, not the insured. Additionally, receipt of an incomplete proof of loss statement would indicate to the insurance company that there might be some problem with the claim. The insurer would then be encouraged to make a prompt investigation to protect its interests. Moreover, as noted, G.S. 58-180.2 was intended to benefit the insured by relieving the hardship which had resulted from the courts' strict contractual approach. An interpretation placing the burden on the insured to show an absence of prejudice to the insurance company would run contrary to the statute's purpose.

Before the burden of showing substantial harm may be placed on the insurer, however, the insured must prove to the jury that his actions were for "good cause." *Brandon v. Insurance Co., supra*. This is consistent with the holding in *Great American I* that the insured's proof of good faith is a prerequisite to the insurer's burden of showing prejudice. We note that the phrase "good cause" is not a precise term. *See In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968). Consequently, we must discern its meaning from the context in which it is used. *In re Kirkman*, 302 N.C. 164, 273 S.E. 2d 712 (1981). In doing so, we again analogize this situation to that in *Great American I*. Although the court did not explicitly define "good faith" there, it did so, after retrial, in *Great American Insurance Co. v. C. G. Tate Construction Co.*, 315 N.C. 714, 340 S.E. 2d 743 (1986) (*Great American II*). There the court held that, in the context of the *Great American I* decision, "good faith" must be measured subjectively and determined through a two-part inquiry: (1) whether the insured was aware that the events which took place could lead to a claim under the policy, and (2) whether the insured knowingly or purposely failed to provide the required information. Accordingly, we believe that *Great American II* is analogous and that, in the context of G.S. 58-180.2, "good cause" is broad enough to include subjective good faith as defined there.

Examining the record before us, we cannot say, as a matter of law, that plaintiff failed to carry his burden of showing "good cause." A trial court may grant a directed verdict for a defendant only when the evidence, taken in the light most favorable to the plaintiff, is insufficient to support a verdict for the plaintiff. *Snow v. Duke Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979). Plaintiff testified that he filled out the proof of loss form according to the instructions he received. This is sufficient to enable a jury to find that plaintiff, at least subjectively, had good cause for failing to properly file the proof of loss statement. Therefore, lack of good cause on the part of plaintiff could not have been a basis for granting a directed verdict.

Plaintiff sufficiently pleaded the issues of good cause and substantial harm. The plaintiff also carried his burden of showing "good cause." It was then incumbent upon defendant to show that it was substantially harmed by plaintiff's failure to complete the proof of loss statement as required by the policy. Since there was

no evidence of prejudice, the directed verdict for defendant was erroneous.

Reversed and remanded for new trial.

Judge ARNOLD concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the majority opinion. I disagree with the majority's interpretation of the precedential effect of the holding in *Great American I* on the case *sub judice*.

The majority opinion stated that the Court in *Great American I* "held that an insured's failure to comply with the notice requirements of a liability insurance policy did not result in a forfeiture of the insured's rights under the policy if the failure was in good faith and the insurer was not materially prejudiced in its ability to investigate and defend." The issue decided and the Court's holding in *Great American I* is narrower than the majority opinion indicates.

The Court in *Great American I* held "that an unexcused delay by the insured in giving notice to the insurer of an accident does not relieve the insurer of its obligation to *defend* and *indemnify* unless the delay operates materially to prejudice the insurer's ability to investigate and defend." *Great American Ins. Co. v. C. G. Tate Constr. Co.*, 303 N.C. 387, 390, 279 S.E. 2d 769, 771 (1981) (emphasis supplied). I believe that the Court in *Great American I* held the foregoing mindful of the "injuries sustained by innocent members of the public." *Id.* at 395, 279 S.E. 2d at 774. Moreover, the case *sub judice* does not involve an innocent third party, an insurer's ability to defend the insured, or the insurer's obligation to indemnify. Plaintiff submitted a *woefully* inadequate proof of loss form which raises an entirely different issue than that stated by the Court in *Great American I, id.,* at 390, 279 S.E. 2d at 771. I therefore vote to affirm.