***********
Plaintiff filed a negligence action for damages arising from a fight. Plaintiff is seeking medical records in support of his claim for damages and investigation reports generated by Defendant as a result of the incident. The Deputy Commissioner ordered Defendant to produce these documents. In an e-mail dated February 10, 2009 to Defendant, Deputy Commissioner Harris stated: "Please see to it that, by 3/2/09 Plaintiff gets copies of: (1) all relevant medical records from 10/1/06 through the present, and (2) any investigation reports and/or witness statements pertaining to the incidents and omissions complained of in Plaintiff's affidavit." Defendant appealed to the Full Commission claiming these records are privileged and that Plaintiff has no right of access to his own prison medical records and investigation reports *Page 2 
concerning the incident complained of, even for litigation purposes. Defendant's argument is more fully set forth in the Order from Chair Young assigning this interlocutory appeal to a Full Commission panel for further review. The Order of Chair Young is incorporated herein by reference.
On appeal to the Full Commission Defendant now concedes that the Division of Prisons Policy Procedures would allow Plaintiff access to the medical records he is requesting for litigation purposes. With respect to records related to the investigation reports and witness statements that were ordered to be produced by the Deputy Commissioner, Defendant's argument that these records are privileged and therefore not discoverable is unpersuasive. The Full Commission's first observation is that such records are routinely produced upon order of the Commission in tort claim cases involving prison inmates and Defendant often requests a protective order, which is routinely granted after review. More importantly, even if privileged, these records are discoverable because they are relevant and the interests of justice outweigh the protected privilege. N.C. Gen. Stat. § 1A-1, Rule 26(b) (2009); Shellhorn v. Brad Ragan,Inc.38 N.C.App. 310, 314, 248 S.E.2d 103, 106 (1978). Plaintiff's right to meaningful access to the courts outweighs the general safety interests asserted by Defendant. However, as a precaution, the Full Commission is of the opinion that Defendant should produce the disputed investigation reports and witness statements to the Deputy Commissioner for an "in-camera" review before determination of what should be released to Plaintiff.
IT IS THEREFORE ORDERED that Defendant's appeal is dismissed as to the production of medical records. Defendant shall produce the ordered investigation reports and witness statements to the Deputy Commissioner, who will determine what should be released to Plaintiff considering the compelling interests of both parties. *Page 3 
IT IS FURTHER ORDERED that this case is REMANDED to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner.
This the __ day of January 2010.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ PAMELA T. YOUNG CHAIR
S/_____________ DANNY LEE McDONALD COMMISSIONER *Page 1